IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) PINNACLE PACKAGING COMPANY, INC., an Oklahoma corporation, <br> 2) POLO ROAD LEASING, LLC, an Oklahoma limited liability company, and <br> 3) J. SCOTT DICKMAN, <br><br> Plaintiffs, <br><br> s. <br><br> 4) ONE EQUITY PARTNERS LLC, a Delaware limited liability company, and <br> 5) CONSTANTIA FLEXIBLES GmbH, an Austrian corporation, <br><br> Defendants. | Case No. 12-CV-537-JED-TLW |

## OPPOSED MOTION OF PLAINTIFFS FOR SURREPLY BRIEF AND BRIEF IN SUPPORT

Plaintiffs, Pinnacle Packaging Company, Inc., Polo Road Leasing, LLC, and J. Scott Dickman, move for permission to file a surreply brief, not to exceed 10 pages, on the later of November 12, 2013, or ten (10) days after this Court's ruling on the Motion should it occur on or after November 4, 2013.  In support of this Motion, Plaintiffs show the Court:

1. Plaintiffs have consulted with counsel for the Defendants and elaborated the bases for this Motion in a telephone conference.  Defendants expressed opposition.

2. The Tenth Circuit case law allows a surreply brief when new materials or new arguments are raised in a reply brief.  *See, Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006); *Drake v. Cox Communications, Inc.*, 2011 WL 2680688 (D.Kan. 2011).

3. Defendants have raised at least[1] the following new facts or new arguments each of which warrant a surreply:

A. The new argument that the Complaint should be dismissed with prejudice. Reply, 2.

B. The new argument that "Plaintiffs have not pleaded that they relied to their detriment on von Hugo's alleged affiliation with OEP, LLC (and indeed there is no evidence that Plaintiffs even reviewed Exhibits 4, 5, and 6 during July to August, 2012)." Reply, 3.

C. The new argument that "[A]pproximately one month before the purported oral agreement was reached - von Hugo was 'identified as the Vice Chairman of Constantia.'" Reply, 5.

D. The new fact that Dickman's recordings were "secret," and the new argument that any such recording was in violation of Illinois law. The new fact that von Hugo was in Germany during any call, and that Dickman violated German law by making the recording. Reply, 6.

E. The new arguments that Dickman's residence in Oklahoma is a "unilateral action" that may not be considered in a specific jurisdiction analysis, and that the previously uncited *G&G Intl., LLC v. Camsing Co.*, 2010 WL 466812, at *1 (D.Colo. 2010) supports this new argument and the unilateral action argument made in Defendants' opening brief. Reply, 7.

F. The new argument that Plaintiffs failed to address "where the <u>wrong</u> underlying the lawsuit occurred," and the new fact that "Constantia decided from **Europe** not to acquire Oracle or 'refinance' Oracle's debt." Reply, 9.

G. The new argument that Oklahoma law likely does not apply as asserted in footnote 24, which includes an attempted choice of law analysis not heretofore made. Reply, 9.

---

[1] Plaintiffs understand the limitations of a surreply brief and have attempted to identify all new facts and new arguments in the following listing, but do not intend to preclude themselves by this listing.

      H.      The argument that the Complaint identifies only two witnesses in Oklahoma, Dickman and Bird, when, in fact, Lynnwood R. Moore, Jr. is specifically referred to in paragraph 8. Reply, 9.

      I.      The new fact that, Constantia made the loan to Oracle so that 'Oracle could buy its way out of the July LOI." Reply, 12.

      J.      The new argument that "Plaintiffs do not allege a single communication between any Defendant and Centre Lane, let alone that any Defendant induced Centre Lane to terminate the July LOI," and the citation to new authority to support it: *Altrutech, Inc. v. Hooper Holmes, Inc.*, 6 F.Supp.2d 1269, 1276 (D.Kan. 1998). Reply, 12.

      K.      The new argument that "it is implausible that Defendants would lend Oracle $3 million then intentionally sabotage Pinnacle and risk losing the $3 million to Wells." Reply, 14.

      L.      The new argument that Wells' conduct is alleged in such a manner as to say the Defendants did not have a perception of Wells' intention if the Wells Debt was not paid on July 31, 2012. Reply, 14-15.

      M.      The new argument that the terms of financing or of a new loan to be made upon acquisition of the Wells Debt cannot be implied by the conduct of Defendants. Reply, 15. (Defendants did not raise the issue on terms of the loan in their opening brief. Plaintiffs should have a right now to reply.)

      N.      The new argument that "Plaintiffs have alleged two inconsistent deal structures." Reply, 16.

      O.      The new argument that "Plaintiffs never alleged that any party was 'empowered' to choose between the two materially different scenarios." Reply, 17.

4. Plaintiffs have asked that their response date be set for the later of (a) November 12, 2013, or (b) ten (10) days after this Court's ruling on this Motion should it occur on or after November 4, 2013. This arises because after the prior scheduling was ordered by the Court calling for Defendants' reply brief to be filed no later than October 11, 2013 [DKT 44], Plaintiffs' counsel scheduled a trip out of the United Stated for the dates from October 23, 2013 through November 2, 2013. Defendants then received permission from the Court to extend their filing date to October 21, 2013 [DKT 61], and cited as a reason that their counsel responsible for drafting was going to be out of the country. [DKT 59]  The requested filing date accommodates these facts. (If this Motion is granted, Defendants do not object to this schedule.)

5. The 10 pages requested are warranted given the 35 pages of the initial brief filed by the Plaintiffs [DKT 53], and Defendants' 20-page reply [DKT 62].   (If this Motion is granted, Defendants do not object to this number of pages.)

WHEREFORE, Plaintiffs respectfully request that their Motion be granted, and that they given other just and appropriate relief.

 s/Laurence L. Pinkerton
Laurence L. Pinkerton, OBA #7168
Pinkerton & Finn, P.C.
Penthouse Suite
15 East 5th Street
Tulsa, OK 74103-4303
Tele: 918-587-1800
Fax:  918-582-2900
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2013, I electronically transmitted the foregoing pleading, to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

>John D. Russell, Esq.
>FELLERS, SNIDER, BLANKENSHIP,
> BAILEY & TIPPENS
>321 S. Boston Ave., Suite 800
>Tulsa, Oklahoma 74103-3318
>
>Gabrielle Gould, Esq.
>Cheryl Howard, Esq.
>FRESHFIELDS BRUCKHAUS DERINGER US LLP
>601 Lexington Ave., 31st Floor
>New York, NY 10022

                                        /s/ Laurence L. Pinkerton