IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **1) PINNACLE PACKAGING COMPANY, INC.,** an Oklahoma corporation, **2) POLO ROAD LEASING, LLC**, an Oklahoma limited liability company, and **3) J. SCOTT DICKMAN**, <br>   Plaintiffs, <br>v. <br>**4) ONE EQUITY PARTNERS LLC**, a Delaware limited liability company, **5) ONE EQUITY PARTNERS (EUROPE) GmbH**, and **6) CONSTANTIA FLEXIBLES GmbH**, an Austrian corporation, <br>   Defendants. | Case No. 4:12-CV-00537-JED-TLW |

**DEFENDANTS ONE EQUITY PARTNERS LLC, ONE EQUITY PARTNERS (EUROPE) GmbH, and CONSTANTIA FLEXIBLES GmbH's RESPONSE TO THE OPPOSED MOTION OF PLAINTIFFS FOR SURREPLY BRIEF**

Defendants One Equity Partners, LLC, One Equity Partners (Europe) GmbH, and Constantia Flexibles GmbH (collectively, "Defendants") respond to the Opposed Motion of Plaintiffs' for Surreply Brief (the "Motion") [Dkt 63] with respect to Defendants' Motion to Dismiss ("Motion to Dismiss") [Dkt 53]. The Motion should be denied because Plaintiffs fail to show good cause for an additional brief; rather, they simply seek to continue arguing issues that have been fully briefed.

In light of the well-settled rule that the movant is entitled to the last word, "[s]urreplies are *heavily disfavored*, and are allowed only in the *most extraordinary circumstances*." *Hall v. Whitacre*, No. 06-1240-JTM, 2007 WL 1585960, at *1 (D. Kan. May 31, 2007) (emphasis added); *see also Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) ("Surreplies are heavily disfavored by courts . . . Accordingly, it is proper to deny a

motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought."); *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783 (D. Ariz. Dec. 21, 2010) ("Surreplies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.") (quotation omitted); *Starr v. Cox*, No. 05-CV-368-JD, 2008 WL 1914286, at *2 (D.N.H. Apr. 28, 2008) ("Motions for leave to file a surreply will only be granted under extraordinary circumstances.") (quotation omitted); *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (Surreplies are warranted only in "exceptional or extraordinary circumstances").

Here, Plaintiffs come nowhere close to showing exceptional circumstances warranting a surreply. The Motion recites a litany of "new" arguments Plaintiffs claim were made in Defendants' Reply in Support of Their Motion to Dismiss (the "Reply") [Dkt 62]. Yet, most of these arguments were clearly made in Defendants' Motion to Dismiss. For example:

- Plaintiffs complain about "[t]he new argument that the Complaint should be dismissed with prejudice," Motion at 2, yet this point could not have been more conspicuous in the Motion to Dismiss: "Defendants respectfully request that the Court grant Defendants' Motion and dismiss the Amended Complaint in its entirety with prejudice." Motion to Dismiss at 35.

- Plaintiffs claim that a surreply is warranted by "[t]he new argument that '[A]pproximately one month before the purported oral agreement was reached – von Hugo was identified as the Vice Chairman of Constantia,'" Motion at 2, but Defendants explained in the Motion to Dismiss that "[V]on Hugo was identified to Plaintiffs as the 'Vice Chairman of Constantia' . . . ." Motion to Dismiss at 14.

2

- Plaintiffs refer to "[t]he new argument that Oklahoma law likely does not apply as asserted in footnote 24, which includes an attempted choice of law analysis not heretofore made," Motion at 2, yet Defendants made this very point in the Motion to Dismiss: "Because the allegations concern events that took place primarily in Austria, Germany, New York, North Carolina and Texas, Oklahoma law likely would not govern the breach of oral contract or tort claims. Notably, out of the many written agreements referenced in the Complaint . . . Plaintiffs have not alleged and cannot allege that any one of them is governed by Oklahoma law." Motion to Dismiss at 17, n.15.

- Plaintiffs argue that a surreply is warranted by "[t]he new argument that 'Plaintiffs have alleged two inconsistent deal structures.'" Motion at 3. However, Defendants argued in the Motion to Dismiss that "to the extent Pinnacle attempts to allege terms of the purported contract, such allegations plainly contradict each other. Pinnacle alleges that Defendants agreed to refinance the Oracle Debt, then '*either* acquire Oracle *or* . . . continue as the secured lender of Oracle until the indebtedness could be refinanced with a third party lender.' *See* [Compl.] ¶ 32 (emphasis added). Three paragraphs later, Pinnacle alleges that Defendants agreed to refinance the Oracle Debt, then acquire Oracle (with no mention of any alternative transaction)." Motion to Dismiss at 29.

Thus, the premise for Plaintiffs' Motion – that they have been blindsided by new arguments in the Reply – simply ignores much of the Motion to Dismiss.

To the extent Defendants make points in the Reply that were not made in the Motion to Dismiss, they are purely responsive to legal and factual issues raised in Plaintiffs' Response to

Defendants' Motion to Dismiss (the "Response") [Dkt 57] and supporting affidavits and exhibits. For example, Plaintiffs claim that the Reply introduces "[t]he new fact that Dickman's recordings were 'secret,' and the new argument that any such recording was in violation of Illinois law. The new fact that von Hugo was in Germany during any call, and that Dickman violated German law by making the recording." Motion at 2. However, Defendants could not have raised these arguments in the Motion to Dismiss because Defendants were unaware that Plaintiffs had made surreptitious recordings of the parties' conversations until the unauthenticated transcripts were introduced as exhibits to the Response. Likewise, Plaintiffs complain of "[t]he new argument that 'Plaintiffs never alleged that any party was "empowered" to choose between the two materially different scenarios.'" Motion at 3. Yet, Defendants were merely responding to Plaintiffs' newfound argument in the Response that the open-ended contract terms they have alleged are somehow permissible under Restatement (Second) of Contracts § 34, which provides that "[t]he terms of a contract may be reasonably certain even though it empowers one or both parties to make a selection of terms in the course of performance." *See* Response at 39. Finally, Plaintiffs claim it was a "new argument" for Defendants to state that "there is no evidence that Plaintiffs even reviewed Exhibits 4, 5, and 6 during July to August, 2012 . . . ." Motion at 2. However, Plaintiffs, aware that their Exhibit A was inauthentic, attempted to rely on new pages they purportedly "reviewed and recently reprinted" from the internet. Dickman Aff. ¶ 11. Thus, it was entirely appropriate for Defendants to respond that there are no allegations that Plaintiffs ever reviewed these documents during the relevant time period, let alone relied on them. Plaintiffs' efforts to conflate arguments made in the Reply that directly rebut Plaintiffs' Response and its supporting materials with "new arguments" should be rejected.

In response to the 35-page Motion to Dismiss, Plaintiffs submitted a 45-page Response and a supporting affidavit that attached over 1,000 pages of documents. Plaintiffs have proffered no legitimate basis for permitting a fourth brief on Defendants' Motion to Dismiss and upsetting the well-settled rule that the movant is entitled to the last word. Plaintiffs will have a further opportunity to address Defendants' positions if the Court decides to hear oral argument. Defendants therefore respectfully request that the Court deny the Motion.

Dated:  November 12, 2013

Respectfully submitted,

By: /s/ Charles R. Willing
　　John D. Russell, OBA No. 13343
　　Charles R. Willing, OBA No. 15873
　　FELLERS, SNIDER, BLANKENSHIP,
　　　BAILEY & TIPPENS, P.C.
　　321 S. Boston Avenue, Suite 800
　　Tulsa, Oklahoma 74103
　　Telephone (918) 599-0621
　　Facsimile (918) 583-9659
　　*jrussell@fellerssnider.com*
　　*cwilling@fellerssnider.com*

　　and

　　Gabrielle Gould, *Pro Hac Vice*
　　Aaron Lang, *Pro Hac Vice*
　　Cheryl Howard, *Pro Hac Vice*
　　FRESHFIELDS BRUCKHAUS
　　　DERINGER US LLP
　　601 Lexington Avenue, 31st Floor
　　New York, NY 10022
　　Telephone (212) 277-4000
　　Facsimile (212) 277-4001
　　*gabrielle.gould@freshfields.com*
　　*aaron.lang@freshfields.com*
　　*cheryl.howard@freshfields.com*

　　**COUNSEL FOR DEFENDANTS
　　ONE EQUITY PARTNERS LLC, ONE
　　EQUITY PARTNERS (EUROPE) GmbH, and
　　CONSTANTIA FLEXIBLES GmbH**

## CERTIFICATE OF SERVICE

       I hereby certify that on 12 November 2013, I electronically transmitted DEFENDANTS ONE EQUITY PARTNERS LLC, ONE EQUITY PARTNERS (EUROPE) GMBH, AND CONSTANTIA FLEXIBLES GMBH'S RESPONSE TO THE OPPOSED MOTION OF PLAINTIFFS FOR SURREPLY BRIEF to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Laurence Lindsay Pinkerton – *pf@att.net*
    James David Jorgenson – *pf@att.net*
    **COUNSEL FOR PLAINTIFFS**

                                        s/Charles R. Willing
                                        Charles R. Willing