IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

1)PINNACLE PACKAGING COMPANY, INC., an Oklahoma corporation,
2) POLO ROAD LEASING, LLC, an Oklahoma limited liability company, and
3) J. SCOTT DICKMAN,

Plaintiffs,

vs.

4) ONE EQUITY PARTNERS LLC, a Delaware limited liability company, and
5) CONSTANTIA FLEXIBLES GmbH, an Austrian corporation,

Defendants.

Case No. 12-CV-537-JED-TLW

**OPPOSED MOTION TO AMEND COMPLAINT**

Plaintiffs, Pinnacle Packaging Company, Inc., Polo Road Leasing, LLC, and J. Scott Dickman, hereby move the Court to grant permission for them to file an amendment to the Amended Complaint [DKT 30] solely by adding a Fifth Count alleged by Pinnacle Packaging Company, Inc. and Scott Dickman premised on promissory estoppel in the form attached hereto as Exhibit A. This amendment does not otherwise change the Amended Complaint. In support of this Motion, the Plaintiffs show the Court:

1. This Motion is opposed by the Defendants.

2. LCvR 7.2(k)(2) exempts the Plaintiffs from the necessity to file a brief.

WHEREFORE, Plaintiffs respectfully request that their Motion be granted and that they be given other just and appropriate relief.

s/Laurence L. Pinkerton
Laurence L. Pinkerton, OBA #7168
Pinkerton & Finn, P.C.
Penthouse Suite
15 East 5th Street
Tulsa, Oklahoma 74103-4303
Tele: 918-587-1800
Fax: 918-582-2900
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2013, I electronically transmitted the foregoing pleading, to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

John D. Russell, Esq.
FELLERS, SNIDER, BLANKENSHIP, BAILEY & TIPPENS
321 S. Boston Ave., Suite 800
Tulsa, Oklahoma 74103-3318

Gabrielle Gould, Esq.
Cheryl Howard, Esq.
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Ave., 31st Floor
New York, NY 10022

/s/ Laurence L. Pinkerton

**FIFTH CLAIM FOR RELIEF BY PINNACLE**
**Promissory Estoppel**

61. The allegations of paragraph 1-43 hereinabove are incorporated in this Fifth Claim for Relief, which sets forth a claim by Pinnacle and Dickman against Defendants, in the event a contract is not found to exist as alleged.

62. As set forth in paragraph 35, on July 25, 2012 the Defendants made a clear and unambiguous promise to Pinnacle and Dickman that, if a settlement was reached with Centre Lane that (i) terminated any "exclusivity period," (ii) terminated the July LOI, and (iii) settled the Delaware litigation and all related claims, then the Defendants would either (a) pay off the Wells Debt and provide a new loan to Oracle, or (b) purchase the Wells Debt from Wells and continue the extension of credit to Oracle. Under either (a) or (b) the terms of credit extended would be at least as favorable as the existing Wells Debt and such credit would terminate with the acquisition of Oracle, or six months from July 31, 2012.

63. It was foreseeable by the Defendants that Pinnacle and Dickman would rely on this promise.

64. Pinnacle and Dickman reasonably relied upon this promise to their detriment, in that they acted to reach the settlement with Centre Lane and did conclude it at a cost of $3 million and the release of the rights under the July LOI, but they did not in turn receive from Defendants the performance of (a) or (b) as set forth in paragraph 62.

65. The hardship encountered by Pinnacle and Dickman through such failure on the part of the Defendants, and the unfairness that they experienced, must be remedied by causing the Defendants to pay all damages incurred by Pinnacle and Dickman.

WHEREFORE, Pinnacle and Dickman pray for judgment against Plaintiffs, and an award of their damages, costs, attorney fees and other just and appropriate relief.

**EXHIBIT A**