IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) PINNACLE PACKAGING COMPANY, INC.,** an Oklahoma corporation, **(2) POLO ROAD LEASING, LLC,** an Oklahoma limited liability company, and **(3) J. SCOTT DICKMAN**, <br><br> Plaintiffs, <br><br> v. <br><br> **(4) ONE EQUITY PARTNERS LLC,** a Delaware limited liability company, **(5) ONE EQUITY PARTNERS (EUROPE) GmbH,** and **(6) CONSTANTIA FLEXIBLES GmbH**, an Austrian corporation, <br><br> Defendants. | Case No. 12-CV-537-JED-TLW |

**DEFENDANTS ONE EQUITY PARTNERS LLC,
ONE EQUITY PARTNERS(EUROPE) GmbH, AND
CONSTANTIA FLEXIBLES GmbH's
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND**

Defendants Constantia Flexibles GmbH ("Constantia"), One Equity Partners,

LLC ("OEP LLC") and One Equity Partners (Europe) GmbH ("OEP Europe")

(collectively, "Defendants") submit this Opposition to Plaintiffs' Motion to Amend the

Complaint ("Motion to Amend").[1]

---

[1]  Defendants made limited appearances in this case for the limited purpose of moving to dismiss for lack of personal jurisdiction and failure to state a claim.  Their appearance, both in connection with the motions to dismiss and their Opposition to the Motion to Amend, is without prejudice to their objection to the Court's exercise of jurisdiction.  *See Fisher v. Sw. Bell Tel. Co.*, No. 07-CV-04330CVE-SAJ, 2008 WL 2165957, at *4 (N.D. Okla. May 20, 2008) ("Lack of personal jurisdiction is not waived if raised in a motion under Rule 12.").

## PRELIMINARY STATEMENT

Plaintiffs belatedly seek to amend their complaint (the "Amended Complaint") a second time to include an additional cause of action for promissory estoppel. Since Plaintiffs' proposed new-found claim could have been pleaded in either of their first two complaints and is also futile, the Court should deny the Motion to Amend.

For more than one year, Plaintiffs have repeatedly and unsuccessfully attempted to state a claim against Defendants. Plaintiffs filed their initial complaint against Defendants Constantia and OEP LLC on September 26, 2012. Constantia and OEP LLC then submitted motions to dismiss, which demonstrated that the Court lacked personal jurisdiction over each of the Defendants and that Plaintiffs' service of process on Constantia was improper. In response to Constantia's and OEP LLC's motions to dismiss, on December 28, 2012, Plaintiffs filed the Amended Complaint. Approximately six months later, on or about June 5, 2013, the Amended Complaint was served on Constantia. Over the next six months, Defendants spent a large amount of time and expense in connection with briefing their Motion to Dismiss the Amended Complaint, as well as engaging in motion practice with respect to the briefing, including opposing Plaintiffs' Motion to File a Surreply.

Plaintiffs' Motion to Amend – which was filed more than one year after the initial complaint, nearly 11 months after Plaintiffs' Amended Complaint, nearly four months after Defendants filed their second Motion to Dismiss, and after Defendants submitted approximately 90 pages of briefing to the Court – is both prejudicial and untimely. Plaintiffs' undue delay in seeking to amend the Amended Complaint is alone sufficient grounds for the Court to deny the Motion to Amend.

The Court should deny the Motion to Amend for the independent reason that

amendment would be futile.  Plaintiffs, grasping at straws, seek to save their case by adding a claim for promissory estoppel.  Plaintiffs have not stated – and cannot state – a promissory estoppel claim because they cannot plead the existence of a "clear and unambiguous promise."  Plaintiffs' allegations themselves demonstrate that no such "clear and unambiguous promise" was made by Defendants.  Accordingly, amendment would be futile and the Court should deny Plaintiffs' Motion to Amend.

## ARGUMENT

The Court should deny Plaintiffs' Motion to Amend because Plaintiffs unduly delayed seeking to amend their complaint for a second time and their proposed amendment would be futile.  District courts have broad discretion to deny motions to amend pleadings.  *See Shifrin v. Toll*, 483 F. App'x. 446, 450 (10th Cir. 2012) (standard of review for refusing to grant leave to amend pleadings is abuse of discretion).  That discretion is properly exercised in refusing leave to amend when any one of the following factors exists:  (1) the party seeking the amendment has unduly delayed; (2) the moving party is acting in bad faith or with dilatory motive; (3) the opposing party will be unduly prejudiced by the amendment; (4) there has been repeated failure to cure deficiencies by amendments previously allowed; or (5) the amendment is futile.  *See Schultz v. Unumprovident Corp.*, No. 06-cv-622-GKF-PJC, 2010 WL 3417863, at *3 (N.D. Okla. Aug. 26, 2010).

"Although '[t]he court should freely give leave [to amend] when justice so requires,' a motion to amend may be denied based on undue delay."  *Spirit Bank Corp. v. Warner Aviation, Ltd.*, No. 11-cv-81-TCK-FHM, 2011 WL 6415472, at *5 (N.D. Okla. Dec. 21, 2011) (citations omitted) (denying motion to amend complaint on grounds of undue delay where plaintiff was aware of alleged facts "some time prior to the filing of the motion to amend"); *Shifrin*, 483 F. App'x. at 451 (affirming district court's denial of leave to

amend based in part on plaintiff's undue delay).  In addition, "[w]here a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." *TV Commc'n Network, Inc. v. Turner Network Tel., Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (affirming dismissal of complaint where further amendments would be futile); *Vaughn v. Krehbiel*, 240 F. App'x. 803, 805 (10th Cir. 2007) (affirming denial of motion to amend complaint where "[t]he proposed amendment could not have withstood a motion to dismiss" and plaintiff "failed to provide an adequate explanation for her delay in moving to amend the complaint").

## I.   PLAINTIFFS' MOTION TO AMEND IS UNTIMELY

Plaintiffs' belated Motion to Amend – which was filed more than one year after Plaintiffs' original complaint and nearly 11 months after Plaintiffs' Amended Complaint – should be denied because it is untimely and there is no basis for the delay.

"In the Tenth Circuit, '[i]t is well settled . . . that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.'" *Weekley v. Bennett Motor Express, LLC*, 858 F. Supp. 2d 1257, 1265 (N.D. Okla. May 2, 2012); *see also Shifrin*, 483 F. App'x. at 451 (same); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) ("We have often found untimeliness alone a sufficient reason to deny leave to amend, 'especially when the party filing the motion [to amend] has no adequate explanation for the delay.'"); *Bjorklund v. Miller*, No. 08-CV-424-TCK-PJC, 2009 WL 4016079, at *2 (N.D. Okla. Nov. 19, 2009) ("'[D]enial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay' or when the moving party fails to 'demonstrate excusable neglect.'"). Further, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original

complaint, the motion to amend is subject to denial." *Shifrin*, 483 F. App'x. at 451; *Pallottino,* 31 F.3d at 1027 (same); *Hill v. Pugh*, 75 F. App'x. 715, 718 (10th Cir. 2003) (same); *see also Spirit Bank v. Warner Aviation, Ltd.*, No. 11-cv-81-TCK-FHM, 2011 WL 6415472, at *5 (N.D. Okla. Dec. 21, 2011) ("Specifically, the Tenth Circuit has held that 'denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay,' or where 'the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.'").

The recent *Shifrin* decision is instructive. In *Shifrin*, the plaintiff moved to file a second amended complaint subsequent to the parties' completion of the briefing on defendants' motion to dismiss the amended complaint. 483 F. App'x. at 448. The magistrate judge recommended that the district court grant the defendants' motion to dismiss and deny the motion to amend because the "proposed amendments were futile and the motion was untimely." *Id*. at 448-49. The district court adopted the report and recommendation, and the Tenth Circuit affirmed. The Tenth Circuit held, "The magistrate judge concluded that [plaintiff] knew or should have known, at the time he filed his first amended complaint, of the allegations he sought to add in the second amended complaint. For these reasons, the district court did not abuse its discretion in denying leave to amend." *Id*. at 451.[2] This Court should deny Plaintiffs' Motion to Amend for the same reasons as the *Shifrin* court.

This is a classic case where the information upon which the amendment is based

---

[2]     The *Pallottino* court reached a similar conclusion. 31 F.3d at 1027. In *Pallottino*, the court affirmed the district court's denial of leave to amend, where the plaintiff's "motion for leave to amend was filed eight months after the original complaint and over five months after a previous amended complaint. The proposed amendment was not based on new evidence unavailable at the time of the original filing. Instead, it proposed a theory that [plaintiff] did not choose to advance until after his primary theory had been dismissed." *Id*.

was previously available to Plaintiffs, thereby warranting denial of Plaintiffs' Motion to Amend. Specifically, Plaintiffs have not articulated *any* explanation for the delay in adding the new claim, let alone an "adequate" explanation. Nor could they: Plaintiffs' promissory estoppel claim is based on the *exact* same allegations underlying Plaintiffs' fraud and breach of contract claims that appeared in Plaintiffs' initial complaint in September 2012 and the Amended Complaint in December 2012. Compare Plaintiffs' Motion to Amend, Exhibit A (hereinafter referred to as "Plaintiffs' Exhibit A"), ¶ 62 (specifically relying on allegations in Paragraph 35 of the Amended Complaint) with Plaintiffs' initial complaint, ¶¶ 11, 13 (containing analogous allegations as Paragraphs 33 and 35 of the Amended Complaint); *see also* Amended Complaint, ¶¶ 50, 53 (relying on Paragraphs 32 through 35 and 38 through 39 of the Amended Complaint).

Plaintiffs indisputably knew the alleged facts underlying their new proposed claim for over one year. Rather than assert the claim in a timely manner, Plaintiffs sat on their hands while Defendants, at great expense, filed motions to dismiss the complaint and Amended Complaint. As the Court is aware, the parties filed oversized briefs with the permission of the Court, due to the number of parties and issues involved. The parties also engaged in motion practice with respect to Plaintiffs' right to file a surreply, which the Court granted. Only after this extensive motion practice did Plaintiffs come forward with an amendment to add yet another claim. Plaintiffs' inexcusable and "protracted delay, with its attendant burdens on [Defendants] and the court, is itself a sufficient reason for the court to withhold permission to amend." *Bjorklund*, 2009 WL 4016079, at *2.

## II.   PLAINTIFFS' AMENDMENT WOULD BE FUTILE

This Court need not rely solely on undue delay in denying Plaintiffs' Motion to Amend. It is well established that leave to amend may be denied when it appears that

the proposed amendment is unlikely to be productive – i.e., it is futile.  *See Vaughn*, 240 F. App'x. at 805 (denying motion to amend and add a new claim where the new claim would not survive a motion to dismiss).  At the outset, as explained in Defendants' Motion to Dismiss, the proposed amendment is futile because the Court lacks personal jurisdiction over Defendants with respect to any claims arising out of the facts alleged.  *See* Defendants' Motion to Dismiss ("Motion to Dismiss") [Dkt 53] at 7–19.  In addition, Plaintiffs' proposed amendment is futile because it fails to state a promissory estoppel claim against Defendants.

"Promissory estoppel requires 1) a clear and unambiguous promise, 2) foreseeability by the promisor that the promisee would rely upon it, 3) reasonable reliance upon the promise to the promisee's detriment and 4) hardship or unfairness that can be avoided only by the promise's enforcement."  *Alexander v. State of Okla.*, No. 03-C-133-E, 2004 U.S. Dist. LEXIS 5131, at *23 (N.D. Okla. March 19, 2004) (dismissing promissory estoppel claim where claimed reliance was not reasonable).  Plaintiffs have not pleaded, and cannot plead, that any Defendant made a clear and unambiguous promise to Plaintiffs to refinance Oracle's debt to Wells Fargo (the "Oracle Debt").[3]

At best, Plaintiffs' claim for promissory estoppel still falls far short of the necessary showing that "the alleged promise must be reasonably certain and definite."  *Eureka Water Co. v. Nestle Waters N.A. Inc.*, No. Civ-07-988-M, 2013 WL 2458643, at *4 (W.D. Okla. June 6, 2013).  By contrast, Plaintiffs have alleged that, in

---

[3]   In addition, Plaintiffs fail adequately to plead foreseeable or justifiable reliance. Plaintiffs, all sophisticated parties, cannot plausibly allege that they reasonably relied on a multi-million dollar commitment they seek to distill from comments made by unspecified Defendant(s) during aborted deal talks.

a mish mash of phone calls and e-mails, "Defendants" discussed potentially entering into a transaction with Plaintiffs whereby "Defendants" would either "pay off the [Oracle] Debt . . . or (b) purchase the [Oracle] Debt," and the credit extended "would terminate with the acquisition of Oracle, or six months from July 31, 2012." Plaintiffs' Exhibit A, ¶ 62.  Plaintiffs have not alleged which "Defendants" made the alleged promise to Plaintiffs (*see* Defendants' Motion to Dismiss at 31), nor have they alleged key terms of the purported refinancing (*see id*. at 28–29), let alone terms that are "reasonably certain and definite."

Plaintiffs' new-found allegation, which claims that the terms of the credit extended "would be at least as favorable as the existing [Oracle] Debt," similarly underscores Plaintiffs' inability to plead a "clear and unambiguous promise." Plaintiffs' Exhibit A, ¶ 62.  Plaintiffs' new proposed claim contains no allegations regarding: (i) the payment schedule for the loan; (ii) the type of loan; (iii) the interest rate to be applied; (iv) who promised that the terms of credit "would be at least as favorable as the existing" Oracle Debt, and when and how that promise was made; or (v) any other terms that would "clearly and unambiguously" set forth the mechanics of "Defendants'" so-called oral "promise" to lend Oracle approximately $19 million. As set forth in Defendants' Motion to Dismiss, the only alleged basis for the "terms" of the purported promise is Mr. Dickman's unsupported statement that "[i]t was [his] *belief* that if the [Oracle] Debt were acquired by the Defendants as represented and promised, its terms would have continued. . . ."  Affidavit of Scott Dickman ("Dickman Aff."), ¶ 31 (emphasis added).  Mr. Dickman's proclaimed belief, however, is insufficient to form the basis for a promissory estoppel claim.  *See Eureka Water Co.*, 2013 WL 2458643, at *4 ("[A] claimant's subjective understanding of the

promissor's statements cannot, without more, support a promissory estoppel claim.").

Finally, Plaintiffs' inability to plead the existence of a "clear and unambiguous promise" is highlighted by the multiple contradictory allegations regarding the "terms" of the alleged promise.  For example, Plaintiffs have submitted contradictory allegations concerning the duration of the proposed loan that forms the basis for Plaintiffs' promissory estoppel claim:

- The Amended Complaint alleges that Defendants would "continue as Pinnacle's lender for a period *not to exceed six months*," if the parties did not reach an agreement to acquire Oracle.  Amended Compl. ¶ 51 (emphasis added); *but see* Amended Compl. ¶ 33 (alleging that "Constantia/One Equity Partners would remain as Oracle's lender *until such time as Oracle could arrange permanent financing from an institutional or other lender*" if the loan to Oracle was not consummated) (emphasis added).

- Plaintiff Dickman, in his Affidavit, pronounced his purported "belief" that the terms of the Oracle Debt would have continued "for a period of *not less* than six months after July 31, 2012."  Dickman Aff., ¶ 31 (emphasis added). By contrast, in the proposed amendment to the Amended Complaint, Plaintiffs now claim that the loan to Oracle would terminate "with the acquisition of Oracle, or *six months* from July 31, 2012."  Plaintiffs' Exhibit A, ¶ 62 (emphasis added).

Similarly, Plaintiffs have alleged inconsistent terms of the purported Oracle Debt.  In Plaintiffs' Opposition to Defendants' Motion to Dismiss, Plaintiffs admit that the Amended Complaint did not specifically allege the terms of the purported loan, but claim "it is implicit that the terms of the [Oracle] Debt would define the terms for the 'new loan' or the terms would continue after the [Oracle] Debt purchase."  Opposition to Motion to Dismiss [Dkt 57] at 35.  Now, however, apparently unsatisfied with the terms of the Oracle Debt and unwilling to commit to them, Plaintiffs assert something different: that "the terms of credit extended [by Defendants] would be *at least as favorable* as the existing [Oracle] Debt."  Plaintiffs'

Exhibit A, ¶ 62 (emphasis added); *see also* Motion to Dismiss at 29-30 (discussing contradictory allegations in Amended Complaint).

That Plaintiffs themselves cannot consistently articulate the purported promise underscores Plaintiffs' inability to plead the existence of a "clear and unambiguous" promise.  Accordingly, Plaintiffs have not and cannot plead a claim for promissory estoppel, and their Motion to Amend should be denied on grounds of futility.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to amend the Amended Complaint.

Dated: 11 December 2013

s/ John D. Russell
John D. Russell, OBA No. 13343
Charles R. Willing, OBA No. 15873
Fellers, Snider, Blankenship,
   Bailey & Tippens, P.C.
321 S. Boston Avenue, Suite 800
Tulsa, Oklahoma 74103
Telephone (918) 599-0621
Facsimile (918) 583-9659
*jrussell@fellerssnider.com*
*cwilling@fellerssnider.com*

and

Gabrielle Gould, *Pro Hac Vice*
Cheryl Howard, *Pro Hac Vice*
Aaron Lang, *Pro Hac Vice*
Freshfields Bruckhaus
  Deringer US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone (212) 277-4000
Facsimile (212) 277-4001
*gabrielle.gould@freshfields.com*
*cheryl.howard@freshfields.com*
*aaron.lang@freshfields.com*

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on 11 December 2013, I electronically transmitted Defendants One Equity Partners LLC, One Equity Partners (Europe) GmbH, and Constantia Flexibles GmbH's Opposition to Plaintiffs' Motion to Amend to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Laurence Lindsay Pinkerton – *pf@att.net*
    James David Jorgenson – *pf@att.net*
    **COUNSEL FOR PLAINTIFFS**

                    s/John D. Russell
                    John D. Russell

09924.32096