IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

PINNACLE PACKAGING COMPANY, )
INC., an Oklahoma corporation, )
POLO ROAD LEASING, LLC, an Okla- )
homa limited liability company, and )
J. SCOTT DICKMAN, )
                                                           )
             Plaintiffs, )
                                     )
vs. ) Case No. 12-CV-537-JED-TLW
                                     )
CONSTANTIA FLEXIBLES GmbH, an )
Austrian corporation, and )
ONE EQUITY PARTNERS (EUROPE) GmbH, )
                                     )
             Defendants. )

## JOINT STATUS REPORT

**Jury Demanded:**   __x__ Yes ____ No

I. **Summary of Claims:**

    A.    Claims to be Dismissed: None

    B.    Pending Claims:

            1.    First Claim for Relief:  Intentional Interference with Contractual Performance or Prospective Contractual Relations

            2.    Second Claim for Relief:  Breach of Contract

            3.    Third Claim for Relief:  Fraud

            4.    Fourth Claim for Relief:  Intentional Interference with Contractual Performance or Prospective Contractual Relations

            5.    Fifth Claim for Relief:  Promissory Estoppel

            Damages are alleged to be not less than $18 million.

## II.   Summary of Defenses:

   A.   Defenses to be Abandoned: None.

Defendants Constantia Flexibles GmbH ("Constantia") and One Equity Partners (Europe) GmbH ("OEP Europe," together with Constantia, "Defendants") dispute that this Court has personal jurisdiction over them. Defendants further dispute that Plaintiffs have any cognizable claims against them. Plaintiff J. Scott Dickman ("Dickman") and his affiliates, Pinnacle Packaging Co., Inc. and Polo Road Leasing, LLC (collectively with Dickman, "Plaintiffs") inappropriately seek to hold Defendants responsible for Dickman's alleged loss, which is due to Dickman's own opportunistic, self-serving behavior in marketing his flexible packaging company based in North Carolina ("Oracle") to Constantia, despite having an exclusivity agreement with another potential buyer ("Centre Lane").

In March and July 2012, Plaintiffs entered into letters of intent with Centre Lane regarding a sale of Oracle, pursuant to which Plaintiffs were required to negotiate exclusively with Centre Lane. However, beginning in or around May 2012, Plaintiffs also engaged in discussions with Constantia concerning a sale of Oracle. Due to Plaintiffs' exclusivity agreement with Centre Lane, however, Constantia was unable to perform due diligence on Oracle at that time. Constantia informed Plaintiffs that it could not and would not make any commitment to purchase Oracle prior to performing the requisite due diligence. On or around August 1, 2012, Plaintiffs' exclusivity agreement with Centre Lane was terminated, and Constantia was able to begin conducting due diligence on Oracle. Shortly after beginning due diligence, Constantia discovered that the value of Oracle was significantly less than Plaintiffs had led Constantia to believe. As a result, Constantia determined not to purchase Oracle. Constantia acted in good faith throughout the negotiations, and did not make any material misrepresentations to, enter into any binding agreements with, or make any enforceable promises to, any Plaintiff. Plaintiffs' claims are duplicative of each other, and to the extent any Plaintiff suffered harm, it was a result of Plaintiffs' unreasonable reliance on preliminary discussions, misrepresentations to Constantia regarding the value of Oracle, violations of its letters of intent with Centre Lane, actions of third parties, and/or Plaintiffs' own unclean hands. Further, OEP Europe did not make any commitments or any statements (let alone misstatements) to any Plaintiff.

   Plaintiffs object to the above, argumentative statement of Defendants.

## III.   Motions Pending: (Include Docket Number, Description and Date at Issue)

   None

## IV.   Stipulations:

   A.   Jurisdiction Admitted:      ___ Yes      X  No (If no, explain.)

Defendants maintain that this Court does not have personal jurisdiction over them. While the Court found that it had jurisdiction at the motion to dismiss stage, Defendants expect discovery to prove that they do not have minimum contacts with Oklahoma, and that the exercise of jurisdiction over them violates due process.

      B.      Venue Appropriate:      __ Yes      _X_ No (If no, explain.)

Because Defendants maintain that this Court does not have personal jurisdiction over them, they dispute that Oklahoma is an appropriate venue for this action.

      C.      Facts: None at present

      D.      Law:   None at present

**V.     Proposed Deadlines:**

      A.      Parties to be Added by: February 10, 2015

Plaintiffs request a provision that allows for amendments to the pleadings to be filed by February 10, 2015.

Defendants oppose Plaintiffs' request to amend the complaint, which has already been amended two times. Defendants' position is that if Plaintiffs seek to amend the complaint again, they should follow the procedures under the Federal Rules.

      B.      Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):

Plaintiffs ask that the discovery cutoff be set for May 15, 2015, in accordance with the Court's guidance.

Defendants propose a discovery deadline of December 1, 2015, because of several unique circumstances affecting discovery. The defendants are Austrian and German entities. Thus, this case: (i) involves foreign data protection laws, and special measures by the parties to comply with those laws; (ii) will involve translation issues, as Defendants' documents include documents written in German; (iii) requires at least 10-20 depositions, some of which will take place overseas, where all of Defendants' witnesses are located; and (iv) requires discovery from multiple non-parties spread throughout the country.

      C.      Fact Witness Lists to be exchanged by:

            Plaintiffs' proposal:   February 13, 2015

            Defendants' proposal: February 27, 2015

    D.    Proposed Date for Expert Reports by Plaintiff and Defendant:

Plaintiffs propose that expert reports should be exchanged by April 15, 2015.

Defendants propose that Plaintiffs' expert reports should be served 60 days before the close of discovery and Defendants' expert reports be served 30 days before the close of discovery. If Defendants submit any expert reports that are not solely to contradict or rebut evidence on the same subject matter identified by Plaintiffs in their expert reports ("Defendants' Affirmative Reports"), the discovery period will be extended by 30 days and Plaintiffs will have 30 days from when Defendants submit their Affirmative Reports to submit expert evidence that is intended solely to contradict or rebut evidence in Defendants' Affirmative Reports.

**VI.    Fed. R. Civ. P. 26(f) Discovery Plan**

    A.    Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?
    _____ Yes (If yes, explain.)
    X_____ No

    B.    When were or will initial disclosures under Rule 26(a)(1) be made: January 26, 2015

> **Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a Magistrate Judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).**

    C.    Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?
    _____ Yes
    X_____ No

    D.    Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?

      X\_\_\_\_ Yes (If yes, explain.) As stated below in VI.E., Plaintiffs propose that each party be allowed 10 depositions as allowed under the Federal Rules. Defendants request an allowance of up to 13 fact depositions and two expert depositions.

      _____ No

E.    Proposed Number of Fact and Expert Depositions

    1.    To be allowed for Plaintiff?

    2.    To be allowed for Defendant?

Plaintiffs propose the schedule adhere to the Federal Rules' allowance of 10 fact depositions.

Defendants propose the schedule permit up to 13 fact depositions and 2 expert depositions.

F.    Is there a need for any special discovery management order(s) by the Court?
      \_\_\_\_\_X Yes (If yes, explain.)

The Plaintiffs position is that prior to the submission of the Joint Status Report the parties discussed the need for discovery of electronically-stored information and Plaintiffs expressed their willingness and ability to accomplish the items set forth in the "Guidelines for Discovery of Electronically-Stored Information" (hereafter, the "Guildelines") maintained by the Court on its website prior to the submission of this Joint Status Report. Plaintiffs have submitted to Defendants written responses under each item of the Guidelines, which afford the basis to move forward and complete full compliance. Plaintiffs have requested that the Defendants agree to comply with the Guidelines within 10 days so that a further submission to the Court in compliance with the Guidelines may be made. Plaintiffs submit that since this Court's orders of December 23, 2014 there has been more than adequate time to consult with clients.

Defendants assert that the parties conferred regarding this Joint Status Report, but have not been able to meet and confer in the manner required by the Court's Guidelines regarding the parameters of electronic discovery prior to the filing of this Joint Status Report. Defendants' position is that the "written responses" Plaintiffs provided are wholly inadequate to comply with the Guidelines. Rather, both parties need to work through issues including, but not limited to, appropriate search terms and custodians, the location of relevant documents, the time frames for production, the format and content of the privilege log, the steps the parties will take to segregate and preserve ESI, and whether backup data is reasonably accessible. In addition, Defendants anticipate that there will be challenges with

respect to the language issues discussed above in Part V.B, specifically, the likely existence of documents in German. By way of example only, the parties will need to agree on whether search terms will be run in German, as well as the process for agreeing on the appropriate German terms to be run.

Defendants therefore suggest that the parties should engage in a meaningful conference regarding electronic discovery, which should occur once both parties have had sufficient time to confer with their clients. To the extent the parties are able to reach an agreement regarding the scope and other aspects of electronic discovery, they will submit an electronic discovery plan for this Court, which they will respectfully request that the Court order. Defendants further propose that the parties enter into a protective order governing discovery, which will need to include specific provisions to comply with applicable data protection regulations mandated by foreign law.

_____ No

G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII. Anticipated Dispositive Motions?**

X\_\_\_\_\_ Yes (If yes, describe.) Defendants anticipate filing motions for summary judgment.
\_\_\_\_\_No

**VIII. Do all parties consent to trial before the assigned magistrate judge?**

_____ Yes
X \_\_\_\_\_ No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX. Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

_____ Yes (If yes, explain.)

    __  X __ No

If yes, please email a completed proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X. **Settlement Plan**    (Check one)

   _____ Settlement Conference Requested after _____
   Describe Settlement Judge Expertise Required, if any:

   __ X __ Private Mediation Scheduled on: The parties agree to private mediation, but do not agree on a date or a deadline by which time the mediation should occur.

   Plaintiffs suggest that, given the extensive factual data exchanged in the prior motions, the Court should schedule the mediation to occur within 90 days of the filing date of the scheduling order in this case. This would benefit the Court through the potential for early resolution rather than continued judicial oversight, and, if it does not result in a settlement, it would acquaint the parties with a mediator who may serve to further consult with the parties as the case continues, which may facilitate a settlement.

   Defendants suggest that private mediation should occur on a mutually agreeable date before the close of discovery, with an exact schedule to be determined at a later date. Defendants' request is based in part on the fact that a mediation would be most productive after the parties have had a chance to conduct discovery, including document production and depositions. Further, Defendants' representatives that would have settlement authority are located overseas, and they should not be required to travel to Tulsa for multiple mediation sessions.

   _____ Other ADR (Explain): _____

   _____ ADR is not appropriate:

     _____ Yes
     _____ No

Copy of the Court's ADR Booklet Provided to Clients as Required?

   Plaintiffs:   __ X __ Yes   _____ No
   Defendants:   __ X __ Yes   _____ No

XI: **Does this case warrant special case management?**

-7-

      X\_\_\_\_ Yes (If yes, explain.)

Plaintiffs do not believe special case management is necessary.

Defendants believe this case will involve application of foreign law, including, but not limited to, data protection regulations. Defendants are working on language modifications to the Court's pro-forma protective order to comply with those regulations.

_____ No

**XII. Do the parties request that the Court hold a scheduling conference?**
_____ Yes
_____ No

Plaintiffs do not believe a scheduling conference is necessary.

Defendants believe a scheduling conference is necessary to discuss the issues regarding foreign law and other discovery issues raised herein.

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII. Estimated Trial Time: 6-7 days**


/s/Laurence L. Pinkerton
Laurence L. Pinkerton, Esq. (OBA #7168)
PINKERTON LAW, P.C.
Penthouse Suite
15 E. 5th Street
Tulsa, Oklahoma 74103-4303
(918) 587-1800
(918) 582-2900 - fax
pf@att.net
Attorney for Plaintiff

/s/John D. Russell
John D. Russell, Esq. (OBA# 13343)
GABLEGOTWALS
1100 ONEOK Plaza
100 W. Fifth Street
Tulsa, OK 74103
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
Jrussell@gablelaw.com

and

Gabrielle Gould, *Pro Hac Vice*
Cheryl Howard, *Pro Hac Vice*
Aaron Lang, *Pro Hac Vice*
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone (212) 277-4000
Facsimile (212) 277-4001
gabrielle.gould@freshfields.com
cheryl.howard@freshfields.com
aaron.lang@freshfields.com
ATTORNEYS FOR DEFENDANTS