## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **PINNACLE PACKAGING** | ) | |
| **COMPANY, INC.,** | ) | |
| **an Oklahoma corporation,** | ) | |
| **POLO ROAD LEASING, LLC,** | ) | |
| **an Oklahoma limited liability company,** | ) | |
| **and** | ) | |
| **J. SCOTT DICKMAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 12-CV-537-JED-TLW** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CONSTANTIA FLEXIBLES GmbH, an** | ) | |
| **Austrian corporation, and** | ) | |
| **ONE EQUITY PARTNERS (EUROPE)** | ) | |
| **GmbH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

Before the Court are plaintiff Pinnacle Packaging Company, Inc.'s Motions to Strike Objections, to Compel Proper Discovery Responses and for Expenses and Fees as to both Constantia Flexibles GmbH and Equity Partners (Europe) GmbH. (Dkts. 101, 103). Constantia and Equity Partners filed a joint response. (Dkt. 107). The Court conducted a hearing on June 22, 2015. (Dkt. 112). This Order memorializes the findings of the Court as stated during the June 22 hearing. To the extent there is a conflict between the Court's statements during the hearing and this Order, this Order shall control.

After reviewing Pinnacle's discovery requests and defendants' responses, the Court enters the following general rulings. Pinnacle has used the words "any" and "all" in its written discovery for the purpose of defining the scope of its discovery. Defendants object to this practice as rendering Pinnacle's written discovery overly broad. This objection is sustained.

Notwithstanding this ruling, in responding to discovery requests, all parties should clearly indicate what is being answered and what is being produced, along with what is not being answered and what is not being produced, and neither party should avoid doing so through the use of general objections or vaguely worded responses that are "subject to" previously identified objections.

Defendants' use of the phrase "among other things," unless it is clear that all of those "other things" are identified, is improper. All of defendants' burdensomeness objections are overruled. Defendants' objection that Pinnacle can obtain information elsewhere or from publicly available sources is overruled, except as discussed during the hearing. Defendants' statement that "subject to their objections" they will produce documents and then those documents will be equally available to plaintiff is overruled. To the extent defendants provide documents in response to an interrogatory request, they must specify the location of those documents "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." See Fed. R. Civ. P. 33.

The use of general objections by a party, unless such objections relate directly to general definitions or instructions in the other parties' discovery requests, is improper and such objections are stricken.

The Court's rulings on the individual issues raised by Pinnacle follow. Defendants are ordered to supplement their response on or before July 8, 2015, in accordance with the Court's rulings.

**Interrogatory No. 1 to Equity Partners**

Interrogatory No. 1 asks One Equity to describe in detail the positions held by Christopher von Hugo, including (i) the dates of each position, (ii) his authority in each position

and the limitations on that authority, (iii) his supervisor or superior, (iv) the reason why he ceased to occupy the position, and (v) the identify of sufficient documents to support the answer.

As noted above, Equity Partners' overly burdensome objection to (v) is overruled; plaintiff is asking for defendant to identify only "sufficient" documents to support the answer. Equity Partners' objections to (iii) and (iv) on the basis of relevance are overruled. Equity Partner's vagueness objection regarding von Hugo's authority and limitations of that authority is overruled.

Equity Partners' supplemental answer should provide a summary of von Hugo's job duties and responsibilities, including an identification of anyone he reported to and an identification of any of his superiors without reference to the Complaint.

**Interrogatory Nos. 4 and 5 to Equity Partners**

Interrogatory No. 4 asks whether von Hugo acted on behalf of Equity Partners. Equity Partners objects but responds that "based on information and belief" von Hugo did not. Interrogatory No. 5 asks about any ". . . agreement between Equity Partners and Pinnacle and/or Oracle with respect to the debt Oracle owed to Wells." Equity Partners objects but responds that there was no agreement.

Equity Partners' objections are overruled; however, the responses otherwise appear to answer the interrogatory.

**Interrogatory No. 6 to Equity Partners**

This interrogatory seeks information regarding Equity Partners' understanding or belief as to why von Hugo contacted Wells Fargo.

Equity Partners' objections are overruled.

**Interrogatory Nos. 7 and 8. to Equity Partners**

Interrogatory No. 7 seeks Equity Partners' understanding or belief as to whether von Hugo was acting only for Constantia. Interrogatory No. 8 asks whether Equity Partners was a participant in the Project (as defined). Equity Partners appears to answer these interrogatories by stating that von Hugo was not acting on behalf of Equity Partners and that Equity Partners was not a participant in the "project."

Equity Partners' objections are overruled; however, the responses otherwise appear to answer the interrogatory.

**Interrogatory No. 3(ii) to Constantia**

Interrogatory No. 3(ii) asks for information related to the contract alleged in that 11th affirmative defense. However, the 11th affirmative defense does not allege the existence of a contract and Constantia denies the existence of any such contract. Plaintiff argues that defendants' reference to "inaccurate and/or incomplete information" is highly relevant to this affirmative defense and any such information should be identified and produced. Plaintiff would be correct if the interrogatory sought the identification of facts supportive of the 11th affirmative defense, but it does not.

Defendants' objections are overruled, but its substantive response that it denies the existence of a contract fully responds to this interrogatory.

**Interrogatory Nos. 5 and 6 to Constantia**

Interrogatory No. 5 seeks information regarding the 16th affirmative defense, which alleges a misrepresentation by plaintiffs. The interrogatory seeks the identity of the misrepresentation(s), who made it, the date, to whom it was made, and who was present. Interrogatory No. 6 seeks information regarding a statement made in the Joint Status Report.

The phrase "among other things" in response to Interrogatory No. 5 is stricken, and Constantia's objections to each of these interrogatories are overruled.

**Interrogatory No. 8 to Constantia**

Interrogatory No. 8 seeks information regarding Constantia's "belief" or "understanding" as to why von Hugo contacted Wells Fargo.

Defendants' objections are overruled; however, the response otherwise appears to answer the interrogatory.

**Interrogatory No. 9 to Constantia**

Interrogatory No. 9 seeks Constantia's "belief" or "understanding" as to whether von Hugo was acting on behalf of Constantia only or others as well.

Constantia's objections are overruled; however, the response otherwise appears to answer the interrogatory.

**Interrogatory No. 10 to Constantia**

Interrogatory No. 10 seeks the positions held by von Hugo while employed by Constantia.

Constantia's objections are overruled; however, the response otherwise appears to answer the interrogatory.

**Interrogatory No. 12 to Constantia**

Interrogatory No. 12 asks whether von Hugo acted on behalf of One Equity Partners LLC or One Equity (Europe).

Constantia's objections are overruled. In addition, although the answer provides a substantive response, the answer ties that response to the allegations contained in the Complaint.

Constantia shall answer the interrogatory without conditioning it on the allegations contained in the Complaint.

**Interrogatory No. 13 to Constantia**

Interrogatory No. 13 asks whether Constantia was a participant in the project.

Constantia's objections are overruled; however, the response otherwise appears to answer the interrogatory.

**Request for Production Nos. 27 and 30 to Constantia**

Request for Production No. 27 seeks documents related to a sale of more than 30% of stock or assets of Constantia (as defined). Request for Production No. 30 seeks ownership information related to Constantia.

Constantia's objections to both requests are overruled, except as to burdensomeness. The parties' dispute regarding these requests were discussed in detail and resolved during the hearing. The parties are to refer to the hearing transcript if there is disagreement.

SO ORDERED this 1st day of July, 2015.

_____
T. Lane Wilson
United States Magistrate Judge