IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PINNACLE PACKAGING COMPANY, INC.**, an Oklahoma corporation, **POLO ROAD LEASING, LLC**, an Oklahoma limited liability company, and **J. SCOTT DICKMAN**,<br><br>Plaintiffs,<br>v.<br><br>**CONSTANTIA FLEXIBLES GmbH**, an Austrian corporation, and **ONE EQUITY PARTNERS (EUROPE) GmbH**,<br><br>Defendants. | Case No. 12-CV-537-JED-TLW |

**DEFENDANT CONSTANTIA FLEXIBLES GmbH'S AND
ONE EQUITY PARTNERS (EUROPE) GmbH'S
ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants Constantia Flexibles GmbH ("Constantia") and One Equity Partners (Europe) GmbH ("OEP Europe," and together with Constantia, "Defendants"), by and through their undersigned attorneys, hereby answer Plaintiffs' Third Amended Complaint ("TAC"). To the extent not specifically admitted herein, Defendants deny all of the allegations in the TAC.

### ANSWER

1.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the TAC.

2.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the TAC.

{1412629;2}

3. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the TAC.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the TAC, except Defendants admit that One Equity Partners LLC is a Delaware limited liability company with its principal place of business in New York, New York.

5. Defendants deny the allegations contained in Paragraph 5 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary, and except Defendants admit that One Equity Partners (Europe) GmbH is a reputed German corporation headquartered in Frankfurt, Germany and that Christopher von Hugo was a managing director of OEP Europe between May and August 2012.

6. Defendants deny the allegations contained in Paragraph 6 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary, and except Defendants admit that Constantia is an Austrian corporation with its principal place of business in Vienna, Austria.

7. Defendants state that the allegations contained in Paragraph 7 of the TAC are conclusions of law as to which no response is necessary.

8. Defendants deny the allegations contained in Paragraph 8 of the TAC, except admit that Lynnwood R. Moore, Jr. of Conner & Winters in Tulsa was Pinnacle's counsel, that Thomas Blaige & Company LLC is a Chicago investment banking firm that specializes in the plastics, packaging and chemical industries and acted as Constantia's financial advisor in its discussions with Pinnacle, and that Freshfields Bruckhaus Deringer US LLP acted as counsel for Constantia in its discussions with Pinnacle.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the TAC.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the TAC.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the TAC, except admit that Oracle had a manufacturing facility in or near Winston-Salem, North Carolina.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the TAC, except deny that any harm purportedly suffered by Plaintiffs was "a direct result of Defendants' collective actions," and admit that there was a Stock Purchase Agreement dated as of August 10, 2012, and Defendants refer to the Stock Purchase Agreement for the true and complete contents thereof.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the TAC, except Defendants admit that there is a Letter of Intent between Centre Lane and Pinnacle dated March 19, 2012 and Defendants refer to the Letter of Intent for the true and complete contents thereof.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the TAC, except Defendants admit that there is a Letter of Intent between Centre Lane and Pinnacle dated March 19, 2012, and Defendants refer to the Letter for the true and complete contents thereof, and except Defendants admit that Centre Lane filed a civil action against Pinnacle in the

Delaware Chancery Court and that Pinnacle answered Centre Lane's complaint, and Defendants refer to the complaint and answer for the true and complete contents thereof.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the TAC, except Defendants admit that Centre Lane and Pinnacle entered into a Letter of Intent in July 2012, and refer to the Letter of Intent for the true and complete contents thereof.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the TAC, except Defendants admit that Wells Fargo and Oracle entered into Credit and Security Agreement, as well as a Sixth Amendment thereto, and refer to the Credit and Security Agreement and Sixth Amendment for the true and complete contents thereof.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the TAC, except Defendants admit that Wells Fargo and Oracle entered into a Sixth Amendment to the Credit and Security Agreement, and refer to the Sixth Amendment for the true and complete contents thereof.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the TAC.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the TAC, except Constantia admits that Jan Homan was the Chairman of the Supervisory Board of Constantia from March 17, 2011 to March 3, 2013.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the TAC, except to the

extent the allegations are conclusions of law as to which no response is required, Defendants admit that an e-mail was sent on behalf of Jan Homan to Scott Dickman on May 25, 2012 and refer to that e-mail for the true and complete contents thereof, and except that OEP Europe denies that "One Equity Partners held itself out not as separate LLCs, but rather, as a single entity," and denies that Exhibit A is a true and correct copy of any "Internet presentation by One Equity Partners."

21. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the SAC, except Defendants admit that Chris von Hugo and Jan Homan attended a meeting at Oracle's North Carolina facilities on June 21, 2012, Constantia admits that Homan acted as president of Constantia for approximately 20 years, and OEP Europe admits that, at that time, Chris von Hugo was a managing director of One Equity Partners (Europe), which was a division of JP Morgan Chase, and that von Hugo was based in Frankfurt, Germany.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the TAC, except Defendants deny that they "recogni[zed]…that the focus of any acquisition" by Constantia of Oracle "would be with Pinnacle and Dickman in Tulsa…."

23. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary, except Defendants admit that on July 4, 2012, von Hugo sent an email to Payne and refer to the email for the true and complete contents thereof, Constantia admits that Blaige acted as a financial advisor to Constantia, and OEP Europe denies that Blaige was its agent in connection with the potential transaction described in the TAC.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the TAC, except Defendants admit that there was e-mail correspondence between Thomas Blaige and Scott Dickman on July 7, 2012 and refer to those e-mails for the true and complete contents thereof.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the SAC, except to the extent the allegations are conclusions of law as to which no response is necessary, and except Constantia admits that Blaige acted as a financial advisor to Constantia, and OEP Europe denies that Blaige was acting as its agent in connection with the potential transaction described in the TAC.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the TAC, except Constantia admits that Richard Kelsey was head of mergers and acquisitions for Constantia, and except that Defendants admit that there was a conference call on July 12, 2012, and except Defendants admit that on July 12, 2012, Dickman sent an email to Blaige, and Defendants refer to the email for the true and complete contents thereof.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the TAC, except Constantia admits that there was a conference call on July 12, 2012, during which it was determined that a meeting should be held the next day in Texas, and that there was an in-person meeting in Houston, Texas on July 13, 2012.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the TAC, except Defendants admit that there was a meeting at the St. Regis Hotel in Houston, Texas on July 13, 2012.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the TAC, except Defendants admit that Richard Kelsey prepared a non-disclosure agreement and forwarded it to Thomas Blaige, and deny that "all the parties executed the confidentiality agreement" and state that a nondisclosure agreement was executed between Oracle and Constantia, that Oracle circulated documents it identified as financial statements on July 15, 2012, that Dickman circulated documents he identified as daily collateral reports on July 16 and 17, 2012, that Dickman circulated a Credit and Security Agreement on July 16, 2012, and that Dickman circulated documents containing what he identified as working capital information on July 17, 2012, and Defendants refer to these documents for their true and complete contents.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the TAC, except Constantia admits that Blaige traveled to Tulsa on July 20, and OEP Europe denies that Blaige met with Dickman and Bird on its behalf.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary, and except Constantia admits that Kelsey prepared a list of questions on July 24, 2012, which he sent to Blaige and which Blaige sent to one or more Plaintiffs and refers to the July 24 email for its true and complete terms, and OEP Europe denies that Blaige was acting as its agent in connection with the potential transaction described in the TAC.

32. Defendants deny the allegations contained in Paragraph 32 of the TAC.

33. Defendants deny the allegations contained in Paragraph 33 of the TAC.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the TAC, except Constantia admits that there was a phone call on July 24 among representatives of Pinnacle and Constantia.

35. Defendants deny the allegations contained in Paragraph 35 of the TAC.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the TAC, except Defendants deny that they entered into any agreement with any Plaintiff, and admit that there was a settlement agreement between Centre Lane and Pinnacle, Oracle and Dickman (the "Settlement Agreement") and refer to the Settlement Agreement for its true and complete terms.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary, and except Defendants admit that there was a Settlement Agreement and refer to the Settlement Agreement for its true and complete terms, and Defendants admit that Dickman executed a Demand Promissory Note for $3 million dated as of July 31, 2012 and refer to the Demand Promissory Note for its true and complete terms, and Constantia admits that it wired $3 million directly to Centre Lane on or about August 1, 2012.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the TAC, except Defendants admit that Dickman forwarded a copy of a pay-off letter to Constantia's counsel in New York on July 30, 2012 and refer to the pay-off letter for its true and complete terms, and Defendants deny that there was a "Pinnacle/Constantia/OEP Europe agreement," that any funds were "promised to Pinnacle by Defendants," and that statements Dickman

allegedly made, as alleged in Paragraph 38 of the TAC, were "completely consistent with the parties' discussions."

39. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the TAC, except Defendants admit that Lynnwood Moore sent an email to Constantia's New York counsel on July 30, 2012 and refer to that July 30, 2012 email for its true and complete terms.

40. Defendants deny the allegations contained in Paragraph 40 of the TAC, except Defendants admit that they did not pay any "Incentive Payment" (as that term is defined in the TAC) to Pinnacle and did not refinance the Wells Debt (as that term is defined in the TAC), and Constantia admits that it sent a letter to Wells Fargo on July 31, 2012 and refers to that letter for the true and complete contents thereof.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the TAC, except Defendants deny that they made any agreements with or assurances or promises to Dickman or Pinnacle.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the TAC, except Defendants deny that they entered into, or breached, any agreement or promise with any Plaintiff.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the TAC, except Defendants deny that they entered into, or breached, any agreement or promise with any Plaintiff.

44. Defendants deny the allegations contained in Paragraph 44 of the TAC, except Defendants deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations as to what would have happened "had the transaction contemplated by the July LOI been consummated."

45. Defendants deny the allegations contained in Paragraph 45 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

46. Defendants deny the allegations contained in Paragraph 46 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

47. Defendants deny the allegations contained in Paragraph 47 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the TAC, except deny that Defendants engaged in any "wrongful actions" as alleged in Paragraph 48 of the TAC.

49. Defendants deny the allegations contained in Paragraph 49 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

50. Defendants deny the allegations contained in Paragraph 50 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

51. Defendants deny the allegations contained in Paragraph 51 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

52. Defendants deny the allegations contained in Paragraph 52 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

53. Defendants deny the allegations contained in Paragraph 53 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary, except Defendants deny knowledge or information sufficient to form a belief as to the truth

or falsity of the allegation that "Pinnacle had received a letter of interest from another lender."

54. Defendants deny the allegations contained in Paragraph 54 of the TAC.

55. Defendants deny the allegations contained in Paragraph 55 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

56. Defendants deny the allegations contained in Paragraph 56 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

57. Defendants deny the allegations contained in Paragraph 57 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

58. Defendants deny the allegations contained in Paragraph 58 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary, and except Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding an alleged consulting contract between Dickman and Centre Lane.

59. Defendants deny the allegations contained in Paragraph 59 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

60. Defendants deny the allegations contained in Paragraph 60 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

61. Defendants deny the allegations contained in Paragraph 61 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

62. Defendants deny the allegations contained in Paragraph 62 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

63. Defendants deny the allegations contained in Paragraph 63 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

64. Defendants deny the allegations contained in Paragraph 64 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

65. Defendants deny the allegations contained in Paragraph 65 of the TAC, except to the extent the allegations are conclusions of law as to which no response is necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

66. This Court lacks personal jurisdiction over Defendants.

### SECOND AFFIRMATIVE DEFENSE

67. The TAC fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred, in whole or in part, because they have not been pleaded with sufficient particularity.

### FOURTH AFFIRMATIVE DEFENSE

69. Plaintiffs' claims are barred because Plaintiffs have failed to allege, and have not suffered, any cognizable injury attributable, in whole or in part, to any conduct by Defendants.

### FIFTH AFFIRMATIVE DEFENSE

70. Any damages to Plaintiffs were caused in whole or in part by their own actions or inaction and from intervening causes, including the actions or inaction of third parties.

### SIXTH AFFIRMATIVE DEFENSE

71. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot prove that Defendants made any material misstatement or omission.

### SEVENTH AFFIRMATIVE DEFENSE

72. Plaintiffs' claims are barred, in whole or in part, because Defendants at all times acted in good faith without scienter or any knowledge or intent to commit fraud or not perform.

### EIGHTH AFFIRMATIVE DEFENSE

73. Plaintiffs are not entitled to exemplary, consequential, special or lost profits or damages, or attorneys' fees.

### NINTH AFFIRMATIVE DEFENSE

74. Plaintiffs' claims are barred, in whole or in part, because it has failed to plead and cannot prove reasonable reliance on any alleged misstatement or omission by Defendants.

### TENTH AFFIRMATIVE DEFENSE

75. Plaintiffs' claims are barred because they are based on alleged oral representations that are contradicted by written documents.

### ELEVENTH AFFIRMATIVE DEFENSE

76. Plaintiffs' claims are barred, in whole or in part, because there was no enforceable agreement, and therefore no breach of any agreement. In the alternative, if the Court finds that there was an enforceable agreement, Plaintiffs' claims are barred because of Plaintiffs' own breach of contract.

### TWELFTH AFFIRMATIVE DEFENSE

77. Plaintiffs' claims are barred based on Plaintiffs' knowledge and voluntary abandonment.

### THIRTEENTH AFFIRMATIVE DEFENSE

78. Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

79. Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if they are allowed to recover any portion of the damages sought.

### FIFTEENTH AFFIRMATIVE DEFENSE

80. Plaintiffs' claims are barred, in whole or in part, because they are predicated on the same alleged facts and purported damages and therefore are duplicative of one another.

### SIXTEENTH AFFIRMATIVE DEFENSE

81. Plaintiffs' claims are barred because of Plaintiffs' own fraudulent misrepresentations and misstatements of fact.

### SEVENTEENTH AFFIRMATIVE DEFENSE

82. Plaintiffs' claims are barred by the doctrine of unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

83. Plaintiffs' claims are barred, in whole or in part, due to failure of consideration.

### NINETEENTH AFFIRMATIVE DEFENSE

84. Plaintiffs' claims are barred by the doctrines of assumption of risk, contributory fault, or negligence.

### TWENTIETH AFFIRMATIVE DEFENSE

85. Plaintiffs' claims are barred by the doctrines of waiver, ratification, and/or estoppel.

## TWENTY FIRST AFFIRMATIVE DEFENSE

86. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

Defendants assert the foregoing affirmative defenses without assuming the burden of proof on matters where that burden rests on Plaintiffs. Further, Defendants reserve the right to assert additional affirmative defenses or otherwise amend or supplement this Answer based on information that might be discovered during the course of this litigation.

| | |
|---|---|
| DATED: 24 July 2015 | Respectfully submitted, |
| | s/ John D. Russell |
| | John D. Russell, OBA No. 13343 |
| | GableGotwals |
| | 1100 ONEOK Plaza |
| | 100 W. Fifth Street |
| | Tulsa, OK  74103 |
| | Telephone: (918) 595-4800 |
| | Facsimile: (918) 595-4990 |
| | *jrussell@gablelaw.com* |
| | |
| | Marshall Fishman, *Pro Hac Vice* |
| | Cheryl Howard, *Pro Hac Vice* |
| | Aaron Lang, *Pro Hac Vice* |
| | Freshfields Bruckhaus Deringer US LLP |
| | 601 Lexington Avenue, 31st Floor |
| | New York, NY 10022 |
| | Telephone (212) 277-4000 |
| | Facsimile (212) 277-4001 |
| | *marshall.fishman@freshfields.com* |
| | *cheryl.howard@freshfields.com* |
| | *aaron.lang@freshfields.com* |
| | **Counsel for Defendants** |

## CERTIFICATE OF SERVICE

  I hereby certify that on 24 July 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Laurence L. Pinkerton
James D. Jorgenson
Charles R. Willing
Aaron Lang
Gabrielle L. Gould
Cheryl Howard

                s/John D. Russell
                John D. Russell