IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PINNACLE PACKAGING COMPANY, INC.,** an Oklahoma corporation, **POLO ROAD LEASING, LLC,** an Oklahoma limited liability company, and **J. SCOTT DICKMAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**CONSTANTIA FLEXIBLES GmbH**, an Austrian corporation, and **ONE EQUITY PARTNERS (EUROPE) GmbH**<br><br>Defendants. | Case No. 4:12-CV-00537-JED-TLW |

## DECLARATION OF TIMOTHY A. WILKINS

Timothy A. Wilkins declares as follows:

1. I am a partner of Freshfields Bruckhaus Deringer US LLP ("Freshfields"). I submit this declaration in support of Defendants' opposition to Plaintiffs' Motion to Apply the Crime-Fraud Exception to Claims of Privilege and, specifically, to respond to the declaration of Lynnwood Moore submitted in connection therewith. This declaration is based on my personal knowledge.

2. This declaration does not divulge information covered by the attorney-client privilege or the work-product doctrine. Nothing in this declaration is intended to constitute a waiver of any privilege or protection from discovery. To the contrary, Defendants and Freshfields reserve all rights.

3. Beginning in mid-July 2012, I represented Defendant Constantia Flexibles GmbH ("Constantia") in connection with its discussions with Plaintiff Pinnacle Packaging Company, Inc. ("Pinnacle") regarding a possible acquisition of Pinnacle's subsidiary, Oracle Flexible Packaging, Inc. ("Oracle"). In that connection, Freshfields prepared with Constantia a draft term sheet reflecting proposed terms for an acquisition of Oracle (the "Term Sheet"), as well as a draft Demand Promissory Note setting forth the terms of a $3 million loan made by Constantia to Pinnacle to enable Pinnacle to terminate an exclusivity obligation to and secure a release from Centre Lane Partners, LLC ("Centre Lane"), another potential buyer of Oracle, in order to continue discussions with Constantia.

4. On July 30, 2012, Constantia circulated the Term Sheet to Pinnacle. True and correct copies of the cover e-mail and Term Sheet are attached hereto as Exhibit A. The Term Sheet indicated, among other things, that:



My understanding, consistent with the Term Sheet, was also that any transaction would be subject to Constantia's completion of due diligence and the negotiation and execution of definitive documents.

2

5.  I have reviewed the declaration of Lynnwood Moore submitted in connection with Plaintiffs' motion. I spoke with Mr. Moore about the potential acquisition, due diligence requirement and the $3 million loan. I do not recall the statements Mr. Moore claims he made on July 30, 2012, but any such statements would have been inconsistent with the discussions we had been having regarding the potential deal structure, which is reflected in the Term Sheet. Mr. Moore did not object to the deal structure reflected in the Term Sheet or advise me that the Term Sheet was inconsistent with the parties' discussions.

6.  On August 1, 2012, Pinnacle circulated detailed comments to the Term Sheet. A true and correct copy of the cover e-mail and revised Term Sheet are attached hereto as Exhibit B. Pinnacle commented on a variety of issues, including (1) price terms, (2) Oracle's implied EBITDA, (3) the treatment of J. Scott Dickman's ("Dickman") loans to Oracle, (4) a consulting agreement with Dickman, (5) the treatment of Oracle's mill division, and (5) finders fees. Nowhere in its comments did Pinnacle object to the deal structure, which included a payoff of the Wells Debt only as part of an acquisition of Oracle, the exclusivity provision memorializing the lack of a prior commitment with respect to the Wells Debt, or the due diligence requirement.

7.  With respect to the statements Mr. Moore claims he made regarding a violation of a bank credit agreement, I do not recall any objection from Mr. Moore or Pinnacle that there was a legal impediment to signing the settlement and release agreement with Centre Lane or the $3 million promissory note.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 1, 2015

Timothy A. Wilkins

3

# EXHIBIT A
# FILED UNDER SEAL

# EXHIBIT B
# FILED UNDER SEAL