IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**PINNACLE PACKAGING COMPANY, INC.**,
an Oklahoma corporation,
**POLO ROAD LEASING, LLC**,
an Oklahoma limited liability company,
and **J. SCOTT DICKMAN**,

    Plaintiffs,

v.

**CONSTANTIA FLEXIBLES GmbH**,
an Austrian corporation, and
**ONE EQUITY PARTNERS (EUROPE) GmbH**,

    Defendants.

Case No. 12-CV-537-JED-TLW

**JOINT MOTION FOR ENLARGEMENT OF DISCOVERY CUTOFF DATE AND OF ALL RELATED SCHEDULING**

All parties as shown hereafter move the Court for enlargement of the discovery cutoff date and of all related scheduling in this matter. The parties have discussed their approaches to new scheduling, and differ. Consequently, Defendants and Plaintiffs set forth alternative proposals for the Court's consideration.

**I.   DEFENDANTS' PROPOSAL.**

Defendants propose a new schedule based upon decisions yet to be rendered on three pending motions, one of which has not completed the briefing cycle (Defendants' Motion to Compel Production of Oracle Documents [Doc. 147]). The parties just completed the briefing on the second pending motion, Plaintiffs' Motion to Apply the Crime-Fraud Exception [Doc. 135]. Magistrate Judge Wilson has advised the parties to expect a decision on the third pending

motion, Defendants' Motion for Protective Order on the location of depositions of Defendants' corporate representatives [Doc. 111], by Friday, 25 September. Each of the pending motions may trigger additional discovery obligations for one or both parties. Rather than selecting an arbitrary discovery deadline in the future, as requested by Plaintiffs, Defendants request a new scheduling order to be triggered upon the Court's final ruling on the three pending discovery motions. Defendants propose a new discovery deadline on a date three months after the final ruling on these three motions at the District Court level. All remaining dates on the new scheduling order would be commensurate with the Second Amended Scheduling Order [Doc. 123].

Plaintiffs have indicated they intend to depose at least two witnesses whose depositions have been postponed, at least one by court order in Illinois, following the Court's ruling on Plaintiffs' crime-fraud motion. Both of those witnesses are out of state, and coordinating those depositions will likely take at least 30 days and perhaps more if there are intervening year-end holidays. With the timing of the briefing and decision on the crime-fraud motion alone, it is unlikely the discovery could be scheduled before the end of the year.

Plaintiffs' request for a 31 December discovery deadline likely will not be sufficient time to resolve the parties' and/or non-parties' discovery obligations following the Court's rulings on the pending discovery motions. For example, in the case of Defendants' motion to compel the Oracle documents, a ruling compelling Plaintiff to produce those records will require them to exercise their contractual right to obtain those records from Oracle. Once non-party Oracle and Plaintiffs have completed that review and production, Defendants will need to review and analyze those documents to prepare for and take the 30(b)(6) deposition of Pinnacle. Plaintiffs requested their response time be extended to the response time provided in the Local Rules, 21

days. Following that briefing, Magistrate Judge Wilson may set a hearing on that motion. Under the best of circumstances, an order compelling the production of those documents plus the time to review and prepare for the logical depositions that will follow would not be completed until mid-November. Completing that discovery as well as the discovery subject to the other pending motions will be difficult to conclude with the November and December holidays. Defendants therefore believe it is more logical for a discovery deadline to be triggered by the Court's last order on the pending motions. By taking this approach, the Court and the parties will not be burdened by additional motions setting new schedules in the case.

## II.  PLAINTIFFS' PROPOSAL.

Because of the pending motions and their need for resolution, Plaintiffs propose a new schedule that sets discovery cutoff on December 31, 2015, and provides for commensurate dates thereafter with time between events as provided in the Second Amended Scheduling Order. Plaintiffs believe that firm dates will enable this case to most efficiently progress, and it will assure a trial date more proximate than is possible through the methodology proposed by the Defendants. This is substantially warranted because of the age of this case, which was first filed on September 26, 2012, or almost three years ago.

Defendants' proposal is principally anchored on what they perceive will be additional time required with respect to the results from consideration of the Motion to Compel. Plaintiffs have not filed their response on that Motion, but believe it has substantial prospects for denial because it was delayed by Defendants for several months, and Defendants have all discovery to which they are entitled.

DATED: 24 September 2015

Respectfully submitted,

s/John D. Russell
John D. Russell, OBA No. 13343
GABLEGOTWALS
1100 ONEOK Plaza
100 W. Fifth Street
Tulsa, OK    74103
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
*jrussell@gablelaw.com*

Marshall Fishman, *Pro Hac Vice*
Gabrielle Gould, *Pro Hac Vice*
Cheryl Howard, *Pro Hac Vice*
Aaron Lang, *Pro Hac Vice*
FRESHFIELDS BRUCKHAUS
    DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone (212) 277-4000
Facsimile (212) 277-4001
*marshall.fishman@freshfields.com*
*gabrielle.gould@freshfields.com*
*cheryl.howard@freshfields.com*
*aaron.lang@freshfields.com*

**COUNSEL FOR DEFENDANTS**

and

s/Laurence L. Pinkerton
*(signed by Filing Attorney with permission of Attorney)*
Laurence L. Pinkerton, OBA No. 7168
PINKERTON LAW, P.C.
Penthouse Suite
15 East Fifth Street
Tulsa, Oklahoma 74103-4303
Telephone (918) 587-1800
Facsimile (918) 582-2900
*pf@att.net*

**COUNSEL FOR PLAINTIFFS**